IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| PERRY DAVENPORT, | ) |
| Plaintiff, | ) Civil Action No. 20-cv-1371 |
| v. | ) |
| | ) **COMPLAINT** |
| DOUGLAS DYNAMICS, LLC | ) |
| Defendant. | ) JURY TRIAL DEMAND |

NATURE OF THE ACTION

Plaintiff, PERRY DAVENPORT ("Mr. Davenport"), brings this action pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 et seq. to remedy acts of employment discrimination, interference and retaliation perpetrated against him by DOUGLAS DYNAMICS, LLC. ("DD" or "Defendant")

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

2. The Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

PARTIES

3. Mr. Davenport is a citizen of the United States and a resident of Wisconsin. At all times relevant to this action, Mr. Davenport was certified for leave under the FMLA and was employed by Defendant until his employment was terminated on December 23, 2019.

1

4. At all relevant times, Defendant DD is a private employer with principal offices in Milwaukee, Wisconsin.

5. At all relevant times, Defendant has continuously been a covered employer engaged in an industry affecting commerce 29 CFR 825.104.

## FACTUAL ALLEGATIONS

6. Mr. Davenport became an assembler for Defendant beginning in March of 2019.

7. In or about November of 2019, Mr. Davenport applied for FMLA leave to take place between December 9, 2019 through December 15, 2019 for the birth of his child.

8. While on his leave, Mr. Davenport was told by DD that his employment was terminated for failing to appear at work between December 9 and December 15 of 2019.

9. Mr. Davenport complained to DD that he was on noticed leave and had job protections under FMLA.

10. DD reinstated Mr. Davenport who then returned to work on December 23, 2019, a week after he should have returned.

11. Upon returning to work, he again complained to DD that he should not have been terminated while on FMLA leave.

12. Later that same day DD terminated Mr. Davenport's employment again, this time stating that his complaints about the illegal termination were considered insubordinate and violating the Employee Conduct policy.

## Count One
## Violation of FMLA
### (Interference with rights under the Family Medical Leave Act)

13. Mr. Davenport realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

14. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

15. In or about December of 2019 through the remainder of his employment, Mr. Davenport was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR §825.114.

16. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Mr. Davenport rights provided under the Act by terminating his employment while on FMLA protected leave.

17. Defendant interfered with the rights of Mr. Davenport under the Act by threatening to discipline, or disciplining the use or attempted use of FMLA.

18. Defendant's action interfered with Mr. Davenport's rights under the FMLA, including but not limited to the right to be to be free from threats and discipline for exercising his rights under the law and to be given the same opportunities, terms and conditions of employment as that of other similarly situated employees.

19. Ultimately, Defendant interfered with Mr. Davenport rights under the FMLA by terminating his employment a second time.

20. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Mr. Davenport.

21. As a direct and proximate result of Defendant's wrongful acts and omissions, Mr. Davenport sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

### Count Two
### Violation of FMLA
### Discrimination/Retaliation for Engaging in Protected Activity

22. Mr. Davenport realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

23. Mr. Davenport was, at all relevant times, engaged in the protected activity of requesting and using FMLA leave.

24. Mr. Davenport was, at all relevant times, engaged in the protected activity of complaining of interference with his FMLA rights.

25. As a result of Mr. Davenport's use of FMLA and complaints of discrimination, the terms and conditions of Mr. Davenport's employment with DD became less favorable than other similarly situated employees who had not made complaints of discrimination for the use of FMLA.

26. As a result of the disparate treatment, Mr. Davenport suffered damages, including the opportunity to earn more wages.

27. Ultimately, Defendant terminated Mr. Braun's employment because of his use of FMLA and complaints of discrimination and retaliation.

4

28. The intentional and retaliatory conduct of the Defendant complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff PERRY DAVENPORT, respectfully requests that this Court:

A. Order Defendant DOUGLAS DYNAMICS, LLC to make whole Mr. Davenport, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or placement in the positions for which he should have been hired or front pay in lieu of reinstatement.

B. Order Defendant DOUGLAS DYNAMICS, LLC to make whole Mr. Davenport, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to job search expenses, effects on credit history, debt, loss of benefits, increase in insurance costs and other incidental expenses, in amounts to be determined at trial.

C. Order Defendant DOUGLAS DYNAMICS, LLC to pay Mr. Davenport liquidated damages pursuant to the FMLA.

D. Award Mr. Davenport his reasonable attorney's fees and costs, including but not limited to expert witness fees as provided for under the FMLA.

E. Award Mr. Davenport with interest on any awards at the highest rate allowed by law; and

F. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff, JOSEPH E. BRAUN, requests a jury trial on all matters as to which he is entitled by law.

LAW OFFICE OF ADAM M. KENT

Dated: September 3, 2020                s/Adam M. Kent
                                                              Adam M. Kent
                                                              Attorney for Plaintiff

                                                              7670 N. Port Washington Rd
                                                              Suite 105
                                                              Milwaukee, WI 53217
                                                              (619) 892-8422
                                                              Attorney@adamkentlegal.com
                                                              WI Bar No.: 1099634